(87 Misc. Rep. 321)

## MARKS v. MAGID et al.

(Supreme Court, Appellate Term, First Department.   November 19, 1914.)

1. NEW TRIAL (§ 99*)—GROUNDS—NEWLY DISCOVERED EVIDENCE—MOTION.

A motion for a new trial for newly discovered evidence must show that the evidence has been discovered since the trial, that it could not with reasonable diligence have been obtained for use on the trial, that it is material to the issue and goes to the merits of the case, that it is not merely cumulative, and that its character is such that it probably would have changed the result, or, if a new trial is granted, will probably change the result.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 201, 207; Dec. Dig. § 99.*]

2. NEW TRIAL (§ 133*)—NEWLY DISCOVERED EVIDENCE—REVIEW—RECORD.

It was error to grant a new trial for newly discovered evidence, where the minutes of the trial were neither before the court on the motion nor on appeal, so that it could not be determined whether the evidence was newly discovered or otherwise.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 270–272; Dec. Dig. § 133.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Michael Marks against Abraham Magid and another, co-partners doing business as the Standard Tailoring Company.   From a Municipal Court order granting a new trial for newly discovered evidence, plaintiff appeals.   Reversed, and judgment reinstated.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Morris Grossman, of New York City, for appellant.

M. Michael Edelstein, of New York City, for respondents.

COHALAN, J.   The plaintiff herein recovered a judgment against the defendant for the sum of $500 for an alleged breach of contract of employment.   The judgment was obtained upon July 10, 1914.   On July 11, 1914, the defendant obtained an order to show cause why the judgment should not be set aside and a new trial ordered "upon the ground that the said judgment is contrary to law and contrary to the evidence, and upon the exceptions taken, and upon the whole case herein, and upon all the grounds set forth in section 254 of the Municipal Court Act (Laws 1902, c. 580), and why said judgment should not be set aside and a new trial ordered pursuant to section 255 of the Mu-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

nicipal Court Act, by reason of the said plaintiff having been engaged in business prior to the trial of the above-entitled cause." This motion was heard upon affidavits only, and the plaintiff upon the hearing objected to the granting of a new trial upon the ground, among others, that the motion was not based upon a case made and settled.

[1] The order granting the motion which is appealed from states, as the only ground upon which it was made:

"That the plaintiff herein was engaged in the business of merchant tailoring * * * prior to the trial of this action, which evidence is newly discovered pursuant to section 255 of the Municipal Court Act."

It is clear that there was no settled case before the court below, and there is none in the record before us. The essential facts to be shown, before a new trial may be ordered upon the ground of newly discovered evidence, are that such evidence has been discovered since the trial; that it could not, with reasonable diligence, have been obtained for use upon the trial; that it is material to the issue, and goes to the merits of the case; that it is not merely cumulative; and that its character is such that it probably would have changed the result, or that, if granted, it would probably change it upon a new trial.

[2] In order to determine several of these facts, it is necessary that the testimony taken upon the trial should be before both the lower court and the appellate court. We have held that where it appeared that the minutes of the trial were before the lower court, and also were duly settled and filed with the return upon appeal, we would consider them. Landes v. Sallin, 147 N. Y. Supp. 339; but, where they are before neither court, it is impossible for either court to determine whether the alleged testimony is "newly discovered" or otherwise. It may also be said that the moving papers are fatally defective, in that they fail to set forth the necessary facts to entitle the defendant to the relief sought, in either section 254 or 255 of the Municipal Court Act, and the order must be reversed.

Order reversed, with costs, and judgment reinstated, with costs. All concur.